## MAGGIE SPENCER *v.* COMMONWEALTH.

**Criminal Law—Passing Counterfeit Money—Pleading.**

As against one indicted for passing counterfeit money, the court will not presume the existence of a law in a sister state authorizing the charter of banks and the issuing of paper money. Laws of a foreign state must be pleaded or proven. It must always be pleaded where the existence of the law is one of the essential elements of proof in determining the guilt of a party.

**Indictment.**

In a charge of passing a counterfeit bill, the indictment to be good must sufficiently identify the bill so that a conviction or acquittal will be a bar to another prosecution.

APPEAL FROM FLEMING CRIMINAL COURT.

February 13, 1878.

OPINION BY JUDGE PRYOR:

While this court, as a court of original jurisdiction, might hesitate to convict the accused on account of her ignorance as to the character of the paper and the predicament incurred by reason of attempting to pass it, the case was tried by a jury of the vicinage, acquainted with the witnesses and the party being tried, and that tribunal alone must judge of the intent on the part of the accused .

The indictment is, however, defective. This court will not presume the existence of a law in a sister state authorizing the charter of banks and the issuing of paper currency. That it was authorized by law is a mere conclusion of the pleader, and when alleged to be a paper of the LaFayette Bank of Indiana the further allegation should be made as to the law under which it was incorporated, as well as the power to incorporate such an institution, and if the power is derived from an act of congress that fact should be stated. Laws of a sister state must be pleaded or proven, and certainly must be pleaded where the existence of the law is one of the essential elements of proof in determining the guilt of a party.

Nor is the bill sufficiently identified. What effect an allegation would have "that no other description could be given, as the bill was not before the grand jury," is not necessary to be determined, but here the bill or note was read to the jury. Its description could have been given so as to leave no question as to its identity. It would be difficult for the accused to defend, if hereafter indicted for the same offense, upon the ground of former conviction·or acquittal. Genuine bills of the denomination of ten dollars were in circulation, and the fact that she had been tried for passing one bill that was counterfeit would not constitute a defense for passing another bill for the same amount, and the exhibition of the indictment would only show that she had been tried for passing a ten dollar counterfeit bill and nothing more. Such certainty in the charge made should always be required, when it is in the power of the commonwealth to do so, as would leave no doubt as to the particular offense for which the party is to be tried, so that when a verdict is rendered it shall be a complete bar to any further prosecution. The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*C. C. Davis, G. A. Cassiday, for appellant. Moss, for appellee.*